LANGPHIER (KIRKPATRICK v.). See Case No. 7,849.

LANGTON (UNITED STATES v.). See Case No. 15,560.

LANGTREE (GREENOUGH v.). See Case No. 5,785.

---

## Case No. 8,069.

### LANHAM v. PATTERSON.

[3 Chi. Leg. News, 243; 13 Int. Rev. Rec. 142.]

Circuit Court, W. D. Tennessee. April, 1871.

NOTE GIVEN FOR LOTTERY TICKETS—ILLEGAL CONTRACT.

1. *Held*, that no action can be maintained on a contract, the consideration of which is either wicked in itself or prohibited by law.

2. A due bill given for money claimed to be due from the sale of lottery tickets is void.

At law.

H. & J. Randolph, for plaintiff.
Mr. McFarland, for defendant.

WITHEY, District Judge. The plea sets up in bar of plaintiff's action that the due bill was given for the payment of the proceeds of certain lottery tickets sold by defendant for plaintiff in the state of Tennessee, which sale was by the laws of Tennessee prohibited, and made a misdemeanor, punishable by fine and imprisonment, wherefore the contract was unlawful and void. To this plea plaintiff interposes a demurrer, by which he says the said plea is no defense in law to the plaintiff's cause of action.

The law of Tennessee provides that "if any person vend, or attempt to vend * * * any lottery ticket in this state in any scheme to be drawn in this or any other state or country, he is guilty of a misdemeanor, and, on conviction, shall be fined $500 and imprisoned one month in the county jail." Code Tenn. § 4890. The effect of this statute is to prohibit the sale of lottery tickets in Tennessee, whether to be drawn in the state or in any other place. The tickets in question were issued and to be drawn in Missouri, and were sold in Memphis, Tennessee, by defendant as agent of plaintiff. The defendant did not pay over the proceeds to his principal, but gave the due bill in question by which he contracted to pay. It is well settled that "no action can be maintained on a contract, the consideration of

which is either wicked in itself or prohibited by law." Armstrong v. Toler, 11 Wheat. [24 U. S.] 304.

The plaintiff had arranged a lottery scheme, and placed tickets in defendant's hands, to be sold in Tennessee, on an agreement by defendant, express or implied, to sell the tickets at Memphis and account for the proceeds arising from such sale. Was not that an agreement by defendant to do an act for plaintiff which the law of Tennessee prohibits? And was not the consideration of defendant's promise to pay over the proceeds based upon that which the law prohibits? Plaintiff's title to the money would in such cases be clearly founded on an unlawful contract—a contract by which defendant was to sell lottery tickets in Tennessee and pay over the proceeds. You cannot separate the agreement to pay over the proceeds from the unlawful sale. It is an indebtedness on a contract forbidden by law, and the fact that the promise to pay was changed into the form of a written due bill cannot change the fact that the consideration was illegal.

The due bill was given for the very money claimed to be due from the sale of tickets. The suit is between the original parties to the illegal transaction, and the promise, evidenced by the due bill, has its consideration in an arrangement forbidden by law. All such promises are void. This is not a case of subsequent or collateral contract, the direct or immediate consideration of which is not illegal, but is a contract based squarely on the illegal transaction—grows immediately out of, and is connected with, the illegal sale.

The rule goes so far that, if the contract be in part only connected with the illegal consideration, and growing immediately out of it, though it be a new contract, it is equally tainted, and cannot be enforced. The law leaves the parties as it finds them, and will not aid a particeps criminis to enforce his exactions, which originate in violations of law. The demurrer is overruled.